# Frankfurt Kurnit Klein + Selz PC

**Brian E. Maas**

488 Madison Avenue, New York, New York 10022

T (212) 705 4836    F (347) 438 2110

bmaas@fkks.com

June 12, 2015

**VIA ECF**

Hon. Robert M. Levy
Magistrate Judge
United States District for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

RE: *Campbell v. Ganguly*, No. 14-cv-00188 (E.D.N.Y)

Dear Magistrate Levy:

This firm represents Plaintiffs James Campbell and Kevin Rudolf in this action. Pursuant to this Court's instruction on May 15, 2015, we write with Defense counsel's consent to provide the Court with an update on the status of the litigation. For the reasons discussed in this letter, Plaintiffs request that this case continue to be stayed until such time as there is greater certainty as to the outcome of the forfeiture proceeding regarding Ms. Ganguly's assets, *U.S. v. Ganguly*, No. 14-cr-00123 (S.D.N.Y.), currently pending in the Southern District of New York. Ms. Ganguly's counsel has advised that they consent to this request and the parties are submitting a Stipulation and Proposed Order that would stay this case for a minimum of 90 days and a maximum of 180 days.

*Basis for Uncertainty in the Forfeiture Proceeding*

*First*, in late March, another of Defendant's victims, Robert Robards, intervened in the criminal forfeiture proceeding to challenge the government's seizure of a bank account containing more than $2 million, which Ms. Ganguly agreed to forfeit as part of her guilty plea. Mr. Robards contends that he has a superior claim to these funds and that they should all be paid over to him rather than distributed among Ms. Ganguly's victims. The government's motion to dismiss Robards' claim to these funds is fully briefed but no date for the hearing on the motion has been set.

It is our understanding that a final forfeiture order cannot issue until this motion is decided and, as a result, restitution payments are on hold. Under these circumstances, Messrs. Campbell and Rudolf are unable to factor the potential payout to them from the restititution fund into their determination of how to proceed with this case.

Hon. Robert M. Levy
June 12, 2015
Page **2** of **2**

*Second*, this uncertainty is compounded by the fact that Ms. Ganguly's residence, which she also agreed to forfeit, has not yet been sold. The court initially set March 1, 2015 as the deadline for sale of the property; however, on April 17, 2015, the Court extended this deadline until August 1. We understand that efforts to sell the Staten Island property are continuing, but it is impossible at this point to know when the Staten Island home may be sold or how much money will be realized from the sale.

### *Staying the Civil Action is Warranted*

Together, the contested bank account and the Staten Island property represent the majority of the assets that the government has forfeited and earmarked for victim restitution. Until the forfeiture proceeding is resolved, the Parties lack solid ground from which to either negotiate a resolution to the case or for the Plaintiffs to decide whether to pursue their summary judgment motion, which Defendant intends to oppose.

Accordingly, the Parties believe staying this action until there is more certainty in the forfeiture proceeding would be in both of the Parties' best interests. Consistent with the Parties' agreement on this issue, we attach a stipulation and proposed order staying this case for a minimum of 90 days, with an additional 90-day extension in case the forfeiture issues remain unsettled.

Counsel for Plaintiffs and Defendants are available at Your Honor's convenience to discuss their joint request, or any other matter.

Respectfully Submitted,

Brian E. Maas

cc:   Mark K. Anesh, Esq. (via ECF)